## A. R. GREEN v. WESLEY WHALLEY.

**Married Women—Contracts to Pay Money Void—Description in Judgment.**

> A contract of a married woman to pay money is void, and while she may, after she ceases to be a married woman, consent that her real estate be ordered sold to pay said debts, where she does not then make a new promise to pay such debts no personal judgment can be taken against her.

**Description in Judgment.**

> A judgment ordering the sale of real estate must contain such a de-
> scription of the land as will enable the commissioner and purchasers
> to find it without reference to papers and exhibits on file in the case.

### APPEAL FROM BATH CIRCUIT COURT.

December 10, 1874.

Opinion by Judge Lindsay:

The promises made by appellant whilst a married woman were
not only not enforceable, but when treated as contracts to pay
money, were absolutely void. She may have recognized, or, in fact,
ratified said contracts after she became discovert, and still not be
bound by them. To make them personally binding upon her, it
was necessary that she should, after becoming discovert, enter into
new contracts, and distinctly and unequivocally agree to pay the
sums of money theretofore loaned, paid, or advanced at her instance
and request. By her answer of September 20, 1873, appellant ad-
mits the execution (whilst a married woman) of the note for
$1,024.80, and the payment by appellee to Armstrong, at her re-
quest, of $413.49. She also admits the execution of the note for
$259. Her answer concludes in these words: "She hereby consents
that a judgment may be rendered to sell the said lands to pay the
said debts of plaintiff, that said debts are just, and she is willing
that her said lands may be sold, or enough thereof to satisfy the
plaintiff by said debts."

It is evident from this language, that appellant merely intended
to consent that the lands referred to should be subjected to the
payment of debts recognized by her to be just, although not col-
lectible from her. Whilst recognizing the justice of appellee's
claims, she not only does not, in terms, promise to pay them, but
does not intimate that she is willing to be personally bound for
their payment. It was, therefore, error to render a personal judg-
ment against her.

The judgment decreeing a sale of the land is defective in fail-
ing properly to describe it. It is described as a tract of land levied
upon by the sheriff of Rowan county, lying in said county of Rowan,
and which is also described fully by the deed of conveyance filed
by the defendant, A. R. Green.

This court has repeatedly held that a judgment directing the sale
of real property, should so describe it as to enable the commissioner

to sell, and purchasers to find and identify it, without reference to papers and exhibits on file in the cause.

Judgment *reversed,* and the cause remanded for further proceedings not inconsistent with this opinion.

*Reid & Stone, J. & J. W. Rodman, for appellant.*
*Nesbitt & Gudgal, for appellee.*

